CASE 15—ACTION TO ENFORCE A CARRIER'S LIEN—MARCH 17.

# Caye v. Pool's Assignee.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

JUDGMENT FOR DEFENDANT. PLAINTIFF APPEALS. REVERSED.

TRANSFER COMPANIES—LIEN FOR CHARGES—DELIVERY OF POSSESSION TO ASSIGNEE FOR CREDITORS.

Held: 1. A person engaged in the business of carrying freight by wagons from depots to other places, and of delivering packages for all persons who choose to employ him, is a common carrier.
2. Such a common carrier has a lien upon the goods for charges for hauling, and also for freight charges advanced to a railroad company for the consignee.
3. The rule that the carrier loses his lien by parting with possession of the goods does not apply where the person with whom the contract was made makes an assignment for the benefit of his creditors, and possession is delivered to his assignee, as the assignee takes for the benefit of all creditors according to their respective interests, and the lien of the carrier attaches to the money collected by the assignee on the assignor's contract, in performance of which the assigne delivered the goods to another.

NEWTON G. ROGERS FOR APPELLANT.

(No brief in record.)

R. C. KINKEAD FOR APPELLEE.

1. Plaintiff shows by his petition that he is an individual, using a
   corporate name, a drayman hauling freight from the depot in
   Louisville to his customers, and can not be a common carrier in
   the meaning of the law.
2. He can not be subrogated to the rights of the railroad company,
   and thereby acquire a lien upon the goods he hauls for the
   charges.

OPINION BY JUDGE PAYNTER—REVERSING.

On demurrer, the averments of the petition are taken
as true, which are to the effect that the appellant, Caye
was carrying on business in Louisville, Ky., under the
name and style of "Van Dyke Transfer 'Company"; that
his business was to transport freight from depots  to
places, and deliver packages through the city at various
points, and for that purpose he had a large number of
horses and mules, transfer wagons, drivers, etc.; that he
is a common carrier.  It is further averred that it was
his practice in his business to advance freight for various
people upon goods consigned to them, and deliver them,
and collect the money so advanced, as well as money for
transporting the  same; that he advances such transfer
charges to the railroads which may have transported the
freight, etc.  He avers that he had been doing business
for John S. Pool as such common carrier; that it had been
his practice to advance freight for him, and upon the full
delivery of freight, Pool would pay for the deliveries, and
also the amounts advanced by him.  It is averred that
prior to June 24, 1896, Pool had a contract with the es-
tate of De Haven for the building and transporting of a
granite monument of large dimensions; that it had been
transported from Massachusetts by rail to Louisville; that
the plaintiff had been hauling parts of the monument from
the depot to Cave Hill Cemetery for the purpose of its

erection; that on June 24, 1896, he had advanced to Pool by paying freight against the monument $209.04, and his bill for hauling was $115, making a total of $324.04; that on June 24, 1896, when Pool made an assignment for the benefit of his creditors, he had in his possession a considerable portion of the monument, of the value of $800 or $900; that he had no notice that the assignment was made until the whole of the monument was delivered.

The court sustained a demurrer to the petition. We are of the opinion that it states a cause of action. The appellant was a common carrier. He was engaged in the business of transporting chattels for all persons who chose to employ and remunerate him therefor. Owners of stages, stage wagons, railroad cars, teamsters, cartmen, draymen, and porters are common carriers. Black, Law Dict.; 2 Kent, Comm. 597. 1 Bouv. Law Dict. p. 299, says that "stagecoach proprietors, railway companies, truckmen, wagoners and teamsters, carmen and porters," etc., are common carriers; and cites Story on Bailments and Kent's Commentaries to sustain the designation which he makes as to who are common carriers. The appellant had in his possession part of the monument, of the value of $800 or $900, at the time the assignment was made, and held a lien upon it for the amount of his charges, and the assignment made by Pool for the benefit of creditors could not deprive him of that lien. The trust estate received the full benefit of plaintiff's claim for hauling and the freight advanced, and also had the benefit of that part of the monument which was delivered at the time of the assignment. Plaintiff's lien followed the fund arising from the collection of the money on the monument contract in the hands of the assignee, and he is entitled to be paid out of it the amount ascertained to be due him.

A carrier has a lien upon goods and right of detention until the freight is paid. If he parts with the possession out of the hands of himself and his agent, he loses his lien upon the goods, and can not afterwards reclaim them. Boggs v. Martin, 13 B. Mon. 243. When these goods were assigned, they were not only for the general creditors of Pool, but for those who held liens upon the property assigned, so the assignee received the estate to be distributed according to the rights of the parties. He was acting in the trust capacity, and one of the beneficiaries of the trust was the appellant; so the delivery of the possession of the property to the assignee was for the benefit of all of Pool's creditors, including appellant, according to their respective interests. The judgment is reversed for proceedings consistent with this opinion.