## MRS. M. M. THOMPSON, Respondent, v. THE NEW YORK STORAGE COMPANY, Appellant.

### St. Louis Court of Appeals, November 25, 1902.

Testimony: COMMON CARRIER: PRACTICE, TRIAL: PRACTICE, APPELLATE. Under the meager testimony in this case bearing on the question we are not prepared to say the trial court erred in holding that the defendant was not a common carrier and entitled to a lien on goods hauled by it as such; especially as no declarations of law defining a common carrier were requested. Defendant's business was the storage of personal property and moving household effects from one part of the city of St. Louis to another.

Appeal from St. Louis City Circuit Court.—*Hon. William Zachritz,* Judge.

AFFIRMED.

*Hiram N. Moore* for appellant.

(1) Goods may be held to secure charges due; that is the carrier has a lien to secure his compensation, and the carrier may insist upon retaining possession until those charges are paid. Potts v. Railroad, 131 Mass. 455; Newhall v. Vagras, 15 Maine 314; Pennsylvania Steel Co. v. Railroad, 94 Ga. 636. (2) In Roberts v. Koehler, 30 Fed. 94, the court even goes so far that where a passenger and his baggage are conveyed by the same vehicle, the carrier has a lien against the baggage, not only for the charge of transporting the baggage, but also for the passenger's fare, they both being carried under the same agreement, and the whole lien attaches to each and every article of goods subject to it, and remains attached to whatever part of the property may remain within the possession of the carrier. 114 Mass. 447; Lane v. Railroad, 14 Grey (Mass.) 143; Potts v. Railroad, 131 Mass. 455.

*Thomas L. Anderson* for respondent.

The lien of the carrier is lost by the delivery of the goods to the owner. 5 Am. and Eng. Ency. of Law, 411; Rememan v. Covington, 51 Iowa 338; Bailey v. Quint, 22 Vt. 474.

GOODE, J.—Appellant is a corporation whose business is storing and moving goods for hire in the city of St. Louis. Plaintiff hired the concern to move her household effects from one house in said city to another, a contract being made by which the goods were to be hauled in two loads for eleven dollars, an extra dollar above the usual price being charged for overloading. When the vans arrived at plaintiff's residence she refused to pay for the hauling because the top of a table was cracked. Some of the articles were retained by the defendant as security for its charge and this action was brought to recover damages for the conversion of the retained property.

Before the trial in the justice's court defendant paid the accrued costs and tendered the articles to plaintiff on condition of her paying its bill, but the tender was declined and there is evidence to show the goods were damaged while in the defendant's possession.

The defense is that the storage company is a common carrier and had a lien for its charge which entitled it to retain the property until plaintiff paid.

The testimony is meagre but we think appellant was a private carrier or ordinary bailee for hire, not bound to serve every one without discrimination. Faucher v. Wilson, 68 N. H. 338, and cases cited; Megart v. Smith, L. R. 1, C. P. 19 and 423; Piedmont Mfg. Co. v. Railway, 19 S. C. 353; Fish v. Chapman, 2 Ga. 353.

Whether a person was a common carrier, bound by all the extraordinary responsibilities and entitled to the privileges of that class of bailees, can sometimes be known only by particular proof of how his business was

conducted and what professions he made to the public regarding it. Elkins v. Railway, 23 N. H. 285; Schloss v. Wood, 11 Colo. 287.

As no declarations of law were asked on the subject, and as what testimony there is inclines us to look on appellant as a private carrier instead of refuting any possible inference of that kind, we will not interfere with the finding of the court below.

Some commentators insist that on principle a private carrier should have a lien but say the decisions hold he has none. 5 Am. and Eng. Ency. Law (2 Ed.) 402; Hutchinson on Carriers, (2 Ed.), sec. 46; Fuller v. Bradley, 25 Penn. St. 120; Piquet v. McKay, 21 Black. (Ind.) 465; Riddle v. Railway, 1 Interstate 604. This point is not made in the appellant's brief and apparently was not raised below, but we have searched the books and found no case allowing a lien to a private carrier, while those cited deny it.

The judgment is affirmed. *Bland. P. J.,* and *Barclay, J.,* concur.