LENA E. CAMPBELL, Respondent, v. A. B. C. STORAGE & VAN CO., a Corporation, Appellant.

**Kansas City Court of Appeals, March 1, 1915.**

1. **PRIVATE CARRIERS: Lien.** A private carrier has no lien for services on the goods carried by him.

2. **COMMON CARRIERS: Who Are.** Whether a party is or is not a common carrier depends upon the facts concerning the business and the way it is conducted. If the goods are carried as a public employment, and the carrier undertakes to carry for all persons generally and holds himself out to the public as ready to engage in that business as a business and not as a casual occupation, he comes within the definition of a common carrier.

3. ———: ———. The question whether one is a common carrier can sometimes be known only by the particular proof of how his business was conducted and what professions he made to the public regarding it. According to the most approved definition a common carrier is one who undertakes for hire to transport the goods of all such as choose to employ him. Draymen, carters and parties who undertake to carry goods for hire as common employment, from one part of a town to another come within the definition. The mode of transporting is immaterial.

4. ———: ———. A common carrier is one who, by virtue of his calling, undertakes, for compensation, to transport personal property from one place to another for all who may choose to employ him and who undertakes to carry the goods of all persons indifferently.

5. ———: ———. Whether a person is or is not a common carrier is to be determined from the facts bearing upon the nature

of the calling, the basis on which he contracts and whether he holds himself out to the public in such manner as to render himself liable to an action if he should refuse to carry for anyone who wished to employ him. It is not necessary that he carry all kinds of goods.

6. ————: ————: **Storage and Moving Company.** Whether a storage and moving company is a common carrier is to be determined by the facts as to, first, whether the business is a public employment and the service is rendered to all indifferently; second, whether the carrier has held itself out to the public as one engaged as to make itself liable for refusal to accept the employment proffered, and whether the contracts are made on the basis of private or common carriage though this last is a mere circumstance to be considered in determining the two above-mentioned questions. For if the circumstances make the carrier a common carrier it cannot change the status by a contract exempting itself from the responsibilities growing out of that status.

Appeal from Jackson Circuit Court.—*Hon. Daniel E. Bird*, Judge.

REVERSED AND REMANDED.

*McCune, Harding, Brown & Murphy, W. B. Brown* and *Blatchford Downing* for appellant.

*T. A. Frank Jones* for respondent.

(1) Defendant was entitled to a lien, even though defendant be a private carrier. 5 Am. & Eng. Ency. of Law, 402; 1 Hutchinson on Carriers, sec. 46; 1 Jones on Liens, sec. 276; 2 Kent's Comm*., p. 635; 1 Hutchinson on Carriers, 150-799; 1 Wyman on Public Service Corporations, secs. 430-431; Express Co. v. U. S. Express Co., 88 Fed. 659-662; Case Plow Works v. Union Iron Works, 56 Mo. App. 1; Devereux v. Fleming, 53 Fed. 401; Wyckofe v. Southern Hotel Co., 24 Mo. App. 391; 1911 Mo. Session Laws, p. 437, sec. 27. (2) Defendant was a common carrier and accordingly entitled to a lien. Collier v. Storage & Moving Co., 147 Mo. App. 700, 721; 1 Wyman on Public

Service Corporations, sec. 239; Robinson v. Kennedy, 2 Dana 430; 1911 Mo. Session Laws, p. 437, sec. 27.

TRIMBLE, J.—The question presented in this appeal is whether or not a mover of furniture has a lien upon articles of that character transported from one place of the owner's residence to another.

Plaintiff employed defendant to move certain books, furniture and household effects from one place in the city to another. There was no special contract nor lien provided for therein. Defendant moved most of the articles forming the subject of the contract and delivered them at the place specified. The last of said articles to be moved were not delivered to plaintiff at the place specified but were tendered to her there on condition that she pay the sum of $15 as defendant's compensation for moving all of the goods. For some reason, not disclosed by the record, plaintiff refused to pay, and defendant held the undelivered goods claiming a lien on them for the amount due on the contract.

Not being able to get possession of the goods, plaintiff brought suit in a justice court and recovered judgment. Defendant appealed to the circuit court, where the above facts were fully set out in an answer filed by it, and the statement was therein made that it has no claim on said goods other than by virtue of the lien it claims for transporting the same. Plaintiff demurred to this answer and was sustained, and defendant, declining to plead further, stood on its demurrer and appealed.

Under any view that may be taken of the pleading, the result is the same, i. e., a question of law is raised as to whether a lien exists or not.

The answer to this question would seem to turn upon whether defendant is merely a private carrier, or is a common carrier. If defendant is the former it has no lien for its services. It is true a number of authorities say that, on principle, a private carrier should

have a lien. [5 Am. & Eng. Ency. of Law (2 Ed.), 402; Hutchinson on Carriers (3 Ed.), sec. 46; 1 Jones on Liens, sec. 276.] But they also say that the decisions are to the effect that he has none. [Fuller v. Bradley, 25 Penn. St. 120; Piquet v. McKay, 1 Blackf. (Ind.) 465, l. c. 466; Thompson v. New York Storage Co., 97 Mo. App. 135; 1 Jones on Liens, sec. 276.] A lien of the nature involved in this case is a particular lien, being the right of an agent to retain personal property only for a charge on account of labor bestowed upon it. According to Chancellor KENT it probably originated in those cases wherein, on account of the public nature of the employment, the one engaging therein was bound to accept the goods and could not refuse to perform the services required. [2 Kent's Comm. Star page 635.] And although he says the right of lien is not now confined to those who are obliged to receive the goods, and the general rule is that "every bailee for hire, who by his labor and skill, has imparted an additional value to the goods, has a lien upon the property for his reasonable charges," still the instances cited are confined to those wherein the labor is expended upon the property itself and has rendered it intrinsically more valuable. Liens in these cases arose by virtue of the common law. If there are any other examples cited, the lien in them arose by usage of trade which is one of the three ways such liens are created. [Kent's Comm. Star page 634.] There is no usage of trade nor special agreement of parties by which a lien can be claimed herein for moving the furniture. So that the fact that the common law gave no lien for this kind of work is a sufficient reason on which to base a refusal to extend that right in these later times. If, as appellant contends, the policy of the law, as indicated by statutes, is in favor of it, then let the extension of such right come through statutory channels rather than by judi-

cial announcement. So that we say a mere private carrier has no lien upon the goods carried by him.

Is defendant a common carrier? If so, it is well settled that it has a lien on the goods transported by it for the payment of its lawful charges for such carriage.

Whether a party is or is not a common carrier depends, in the last analysis, upon the facts concerning the business and the way it is conducted. If the carrier carries goods as a public employment, undertaking to carry goods for persons generally, and holds himself out to the public as ready to engage in that business as a business, and not as a casual occupation, he comes within the definition of a common carrier. [Story on Bailments, sec. 495.] The question whether one is a common carrier "can sometimes be known only by particular proof of how his business was conducted and what professions he made to the public regarding it. [Thompson v. New York Storage Co., 97 Mo. App. 135; Schloss v. Wood, 11 Colo. 287.] "Anyone who holds himself out to the public as ready to undertake for hire or reward the transportation of goods from place to place, and so invites custom of the public, is in the estimation of the law a common carrier." [Lloyd v. Haugh, 223 Pa. St. 148, l. c. 154.] A wagoner who follows hauling for a livelihood and advertises to the world that he will take goods of all persons indifferently for transportation from place to place is a common carrier. [Fish v. Chapman, 2 Ga. 349, l. c. 354.] "According to the most approved definition, a common carrier is one who undertakes for hire or reward to transport the goods of all such as choose to employ him, from place to place. Draymen, cartmen and porters who undertake to carry goods for hire, as a common employment, from one part of a town to another, come within the definition. So also does the driver of a slide with an ox team. The mode of transporting is immaterial." [Robertson v. Ken-

nedy, 32 Ky. 430, 1. c. 431.]   One who owns a line of
licensed vehicles by which he undertakes to transport
merchandise from one part of the city to another for
the public generally is a common carrier.   [Farley v.
Lavary, 107 Ky. 523; Caye v. Pool's Assignee, 108 Ky.
124; Lawson v. Judge, 175 Mich. 375; Philleo v. San-
ford, 17 Tex. 227; Doty v. Strong, 40 Am. Dec. 773.]
"Truckmen, wagoners, cartmen and porters who un-
dertake to carry goods for hire as a common employ-
ment in a city or from one town to another, are com-
mon carriers.   It is not necessary that the exclusive
business of the parties shall be carrying.   Where a
person whose principal pursuit is farming solicits
goods to be carried to the market town in his wagon
on certain occasions, he makes himself a common car-
rier for those who employ him.   The circumstance
that the defendants had no regular tariff of charges for
their work, but that a special price was fixed by agree-
ment, does not change the relation.   The necessity for
a different charge in each case arises, of course, out
of the difference in labor in handling articles of great
bulk.   The charge in each case may be proportioned
to the risk assumed and commensurate with the car-
rier's responsibility as such.   A common carrier is one
who, by virtue of his calling, undertakes, for compen-
sation, to transport personal property from one place
to another for all such as may choose to employ him,
and every one who undertakes to carry for compen-
sation the goods of all persons indifferently, is, as to
liability, to be deemed a common carrier."   [Jackson,
etc., Works v. Hurlbut, 158 N. Y. 34, 1. c. 37; Cheval-
lier v. Straham, 47 Am. Dec. 639.]

The test of whether the business is a public call-
ing is whether there is indiscriminate dealing with the
general public.   [1 Wyman on Pub. Service Corp.,
sec. 227.]   It is the willingness to serve all that makes
the employment a public one.   If the carrier, however,
does not deal with the public indiscriminately as a

matter of routine but in effect makes an individual bargain in each case this course of business shows that the service is upon a private basis. [1 Wyman on Pub. Ser. Corp., sec. 239.] But truckmen, wagoners, cartmen, porters and other persons who undertake to carry goods for hire for the public generally and as a common employment in a city are common carriers, and the fact that they have no regular tariff for their charges but fix a special price for each job does not change the relation. [4 R. C. L. 558.] Whether a person is or is not a common carrier is to be determined from the facts bearing upon the nature of the calling, the basis on which he contracts and whether he holds himself out to the public as a carrier in such manner as to render himself liable to an action if he should refuse to carry for anyone who wished to employ him. [Allen v. Sackrider, 37 N. Y. 341; 1 Hutchinson on Carriers (3 Ed.), sec. 57.] It is not necessary that he carry all kinds of goods. If he professes to carry only a certain kind, this does not take from him his status as a common carrier, but, of course, before he can be held liable as such, the goods in question must be such as he professes to carry. [1 Hutchinson on Carriers (3 Ed.), sec. 59.] Neither is it necessary that the carrier make regular trips or between fixed termini. [Ibid., sec. 63.] In the case of Collier v. Langan & Taylor Storage and Moving Co., 147 Mo. App. 700, the St. Louis Court of Appeals holds that a storage company that held itself out to the public as conducting a general moving and wagon express for hire and was so engaged in that business, was a common carrier as to that part of its business.

The case of Jaminet v. American Storage & Moving Co., 109 Mo. App. 257 does not hold that one engaged in the business defendant carries on is a mere private carrier, although the second syllabus seems to so indicate. An examination of the opinion will show, however, that the question of whether it was a common

carrier was deemed to be immaterial since liability as a common carrier was excluded by the grounds on which the case was submitted. Neither does the case of Thompson v. New York Storage Company, 97 Mo. App. 135 hold that one engaged in such business is not a common carrier. It merely holds that, on the evidence submitted, the defendant was a mere private carrier, and that on such meager testimony the finding of the trial court on that question would not be interfered with.

From the foregoing authorities we may gather the rule that whether a party is a common carrier or not depends upon the facts, and that when there is, as here, a question whether the carrier is a private or common carrier, it is to be determined by the facts relating to first, whether the business is a public business or employment, and whether the service is rendered to all indifferently; second, whether defendant has held itself out as so engaged so as to make it liable for refusal to accept the employment proffered; and along with these may go the question as to whether the contracts under which business is accepted are made on the basis of private or public carriage. This last, however, is only a circumstance which may be looked at in arriving at a conclusion on the two abovementioned questions. For if the defendant, by reason of the circumstances, is a common carrier as to the goods in question, it cannot by any special contract change its status as such or exempt itself from the responsibilities growing out of that relation. If, however, the above questions be answered in the affirmative, then defendant is a common carrier with all the rights and responsibilities flowing from that status or relation.

As a demurrer was sustained, the facts which an investigation or hearing would disclose are not before us, from which we can determine whether defendant is to be considered a common carrier, and, therefore, en-

titled to a lien for the services rendered under the
contract, or whether it is a mere private carrier for
hire.

The answer, however, says that defendant's "reg-
ular and exclusive business is now and was at all times
herein mentioned that of moving and storing house-
hold goods; that a regular and principal line of its
business is and was that of moving household goods
from one place in Kansas City to another as patrons
might direct, and that it at all times holds and did hold
itself out as ready and willing to undertake such em-
ployment, for all who might apply, and that it is fully
equipped with moving vans, trucks and employees for
the performance of such service, and that pursuant to
employment by plaintiff in its regular occupation as
aforesaid it rendered the service hereinafter men-
tioned."

This would seem to be sufficient to entitle defend-
ant to submit evidence showing the facts concerning
the nature of its business, the method by which it is
carried on, the character it has assumed toward the
public in the advertisement of its business, and the
basis on which it contracts to carry. If the evidence
shows clearly that defendant is a common carrier then,
of course, it should be entitled to the rights and privi-
leges which the law gives to such carriers, and likewise
it must bear the responsibilities going with that status.
It should not be allowed to claim the privilege of a
lien on goods carried by it on the ground that it is a
common carrier, and then, when sued for loss or dam-
age of goods entrusted to it, defend on the ground that
it is merely a private carrier for hire. For this rea-
son we are unwilling to pass on the question as purely
a matter of law even if the state of the pleadings be
such as that we might treat the answer and demurrer as
an agreed statement of facts. For this reason the
cause will be remanded so that the parties may be per-
mitted, if they so desire, to introduce evidence pro and

con on the question of whether defendant is a common carrier. If it is, then defendant is entitled to a lien for its reasonable charges. If it is merely a private carrier for hire, it is not entitled to a lien.

Judgment reversed and cause remanded. All concur.