## Senters v. Ratliff's Adm'r.

May 9, 1939.

FRANCIS M. BURKE and J. ERWIN SANDERS for appellant.
STEELE & VANOVER for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Appellant, Orville Senters, filed this action against appellee, L. E. Ratliff, as administrator of the estate of his deceased brother, Bee Ratliff, for damages to household goods and furniture which were destroyed while being moved on Bee Ratliff's truck. The first trial resulted in a hung jury. The following stipulation was entered into by the parties at the beginning of the second trial:

"It is stipulated by and between counsel for plaintiff and defendant that the sole issue in this case is whether or not the defendant's decedent, Bee Ratliff, was a common carrier and engaged in the hauling and transfer business, at the time and place involved and mentioned in the pleadings, and the

value of the furniture and household goods destroyed; all other questions are waived by agreement."

Appellee's motion for a peremptory instruction at the close of appellant's evidence was overruled. The motions of both the appellant and the appellee for a peremptory instruction at the close of all the evidence were overruled. The court gave the following instruction to the jury on the question as to whether Bee Ratliff was a common carrier:

"If you should believe from the evidence that Bee Ratliff had expressly and publicly offered to carry for all persons indifferently, or had by his conduct and the manner of conducting his business of hauling, held himself out as ready to carry for all on such trips as he made on the occasion referred to in the evidence, then, if you so believe, he was a common carrier, and you should find for the plaintiff as set out in Instruction No. 2. Unless you so believe, you will find for the defendant."

The jury returned a verdict for appellee. Appellant is appealing from the judgment entered on that verdict. He insists that the evidence shows conclusively that Bee Ratliff was engaged in the business of transporting goods for hire for the public generally and that he, therefore, was entitled to a peremptory instruction.

Bee Ratliff operated a saw mill and a grist mill. For a year or more prior to the time of his death he also operated a truck. There was a sign on this truck which, according to the evidence, had on it the words "Bee Ratliff Transfer" or "Ratliff Transfer." He hauled lumber from his own mill. He also hauled goods for hire for the general store operated by his brother, L. E. Ratliff. It appears from the evidence that most of the hauling he did, aside from that mentioned, was in moving household goods for various parties, though there is some evidence that he hauled lumber other than that from his own mill. He did not operate his truck over any established route.

We think that it is clear from the record that the manner in which Bee Ratliff operated his trucking business was not such as to constitute him a common carrier. Granting that the question as to whether or not he was a common carrier should have been submitted to the jury, it is our conclusion that the instruction given by

the trial court on this question was in no way prejudicial to appellant. In view of the manner in which Bee Ratliff conducted his trucking business, we think it is clear that he was a private or casual carrier, rather than a common carrier. As such he was required to exercise only ordinary care to avoid injury or loss of the goods entrusted to him.

In the case of Varble v. Bigley, 14 Bush 698, 29 Am. Rep. 435, it was said:

"Our conclusion then is, that a carrier of goods is not liable as a common carrier, unless he was under a legal obligation to accept the goods and carry them, and would have been liable to an action if, without reasonable excuse, he had refused to receive them; and that he could not be liable to such an action, unless he had expressly and publicly offered to carry for all persons indifferently, or had, by his conduct and the manner of conducting his business, held himself out as ready to carry for all.

"We are aware that the rule has not always, and perhaps not generally, been thus restricted. But as we have already said, the law applicable to common carriers is peculiarly rigorous, and it ought not to be extended to persons who have not expressly assumed that character, or by their conduct and from the nature of their business justified the belief on the part of the public that they intended to assume it."

The Varble case was commented upon with approval in the case of Bassett & Stone v. Aberdeen Coal & Mining Company, 120 Ky. 728, 88 S. W. 318, 27 Ky. Law. Rep. 1122. See also Hall v. Cumberland Pipe Line Co., 193 Ky. 728, 237 S. W. 405; Dawkins Lumber Co. v. L. Carpenter & Co., 213 Ky. 795, 281 S. W. 1013.

An examination of the cases relied upon by appellant, Robertson v. Kennedy, 2 Dana 430, 26 Am. Dec. 466; Hall v. Renfro, 3 Metc. 51; Farley v. Lavary, 107 Ky. 523, 54 S. W. 840, 47 L. R. A. 383; Caye v. Pool's Assignee, 108 Ky. 124, 55 S. W. 887, 21 Ky. Law Rep. 1600, 49 L. R. A. 251, 94 Am. St. Rep. 348; Fields & Son v. E. G. Holland & Son, 158 Ky. 544, 165 S. W. 699, L. R. A. 1915C, 865; Gess v. Wilder, 237 Ky. 830, 36 S. W. (2d) 617; reveals circumstances where the carrier undertook to serve the public generally or indifferently.

In view of our conclusion that Bee Ratliff was not a common carrier, and therefore not an insurer of the goods hauled by him, and since the jury found for appellee, it is unnecessary to discuss the instruction given by the trial court concerning the measure of damages.

Judgment affirmed.