## Parker et al. v. Stewart.

Nov. 30, 1943.

H. H. Owens for appellants.

Zeb A. Stewart and H. M. Sutton for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—Reversing.

The appellee, Walter Stewart, a common carrier by truck, was employed by Gus Woody to transport a truck load of household furniture from Corbin to Detroit. Stewart subcontracted the hauling to Buster Peace and the appellant, Morris Parker. During the course of transportation by Peace and Parker the furniture and truck were destroyed by fire. Woody sued Stewart and the action was compromised by the entry of an agreed judgment, pursuant to which Stewart paid Woody $500.

Alleging the foregoing facts, and further alleging that Parker, Buster Peace and the latter's father, ap-

pellee Dewey Peace, were partners, or joint owners, of the truck in which the hauling was done and were common carriers, the appellee sought judgment for the $500 paid Woody. The action was dismissed as to Buster Peace since he was under twenty-one years of age. The trial resulted in verdict and judgment for the appellee against Parker and Dewey Peace, and they appeal.

The case was submitted to the jury under an instruction to find for the plaintiff if he contracted with Parker, Buster Peace and Dewey Peace to haul the furniture, providing Stewart necessarily settled the claim with Woody. Since the instructions do not predicate liability on negligence, the court necessarily found as a matter of law that Parker and Peace were common carriers and liable as insurers. The only evidence directed to this issue was that of the appellee, who testified that he had employed Parker and Peace to haul for him several times and said, ''They were engaged in that business, they hauled for the Jellico grocery and under a contract for Silverfleet and hauled for me the other jobs, and I have seen them doing business.''

This evidence was sufficient to establish only that Parker and Dewey Peace were private or casual carriers, rather than common carriers. In Robertson and Co. v. Kennedy, 2 Dana 430, 26 Am. Dec. 466, a common carier was defined as one ''who undertakes, for hire or reward, to transport the goods of all such as choose to employ him, from place to place.'' That this concise definition is in accord with the great weight of modern authority, see the many cases in 8 Words and Phrases, Perm. Ed., 46, defining the term, common carrier.

The evidence before us does not establish that Parker and Peace held themselves out as ready to transport goods for the general public, or to all who chose to employ them, but tended merely to show that they did contract hauling on a number of occasions. We recently considered this question in Senters v. Ratliff's Adm'r, 278 Ky. 290, 128 S. W. (2d) 724, where the evidence was similar to that in the case before us and the conclusions therein enunciated make it apparent that Parker and Peace were not common carriers. This being true, they are liable only in the event the goods were destroyed as a result of their negligence. Since there was no evidence of negligence a verdict should have been directed for both appellants.

Dewey Peace was entitled to a directed verdict for another reason. The appellee testified that he contracted with Parker and Buster Peace. The truck was purchased by Parker and Buster Peace but, since the latter was an infant, the seller of the truck required the father, Dewey Peace, to sign the conditional sales contract and mortgage and thus Dewey Peace appeared as a joint owner of the truck. There was no evidence that Dewey Peace was engaged with Parker and Buster Peace as a partner in the trucking business but it seems to have been assumed by the court that he was a partner merely from the fact that he appeared as a joint owner of the truck in the conditional sales contract. This assumption was unjustified, even though he was actually a joint owner, since such joint ownership in nowise constitutes a partnership—one may be sole owner of a truck and yet have no responsibility for hauling done therewith.

There is no merit in the appellant's contention that the action was on the agreed judgment obtained by Woody against Stewart and that the petition stated no cause of action by declaring on a satisfied judgment. The action was one seeking reimbursement for the amount Stewart, the party primarily liable to Woody, was compelled to pay in settlement of the claim. The evidence established without contradiction that the destroyed goods were of the value of $700 and that the settlement made by Stewart was made in good faith. A party primarily liable may make a good-faith settlement and demand reimbursement from an indemnitor or a party secondarily liable. Luton Mining Co. v. Louisville & N. R. Co., 276 Ky. 331, 123 S. W. (2d) 1055.

The judgment is reversed, with directions to grant the appellants a new trial and for further proceedings consistent herewith.