Commonwealth vs. Adams.

---

CASE 4—INDICTMENT—JUNE 8.

# Commonwealth vs. Adams.

### APPEAL FROM BATH CIRCUIT COURT.

One elected to the office of county attorney, to which he was ineligible—not having been a licensed practicing attorney for two years—and exercising the functions and receiving the emoluments of the office, is guilty of usurpation of office, denounced as a misdemeanor by *art. 23, sec. 1, of chapter 28, Revised Statutes*, and may be pros-ecuted by indictment to recover the fine imposed by the section *supra*.

A. J. JAMES, Attorney General, for Commonwealth, cited *Constitution Ky., art.* 6, *sec.* 2; *Rev. Stat., art.* 23, *sec.* 1; *Crim. Code, sec.* 6; *Ib. sec.* 8; *Civil Code, sec.* 532; *Patterson vs. Miller,* 2 *Met.* 493.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

This was an indictment against Adams, founded upon section 1, art. XXIII, of the chapter on Crimes and Punishments, (*Revised Statutes,* 1 *vol. Stanton's edition, page* 407,) which provides, that "if any person shall usurp any office established by the constitution or laws of this Commonwealth, or shall knowingly hold and pretend to exercise such office, after his election or appointment thereto shall have been declared by a court of competent jurisdiction illegal or void, or after his term of office has constitutionally and legally expired, he shall be guilty of a misdemeanor, and fined in a sum not less than five nor more than fifteen hundred dollars."

The substance of the charge contained in the indictment is, that the defendant usurped the office of county attorney of Bath county, to which office he was wholly ineligible, not having been a licensed practicing lawyer for two years next before the finding of the indictment.

The defendant pleaded not guilty, and the issue was submitted to a jury, who rendered a special verdict, embracing the following facts in substance:

That the defendant was elected to the office of county attorney for Bath county, and received from the proper authority a certificate of his election; that instead of taking the oath of office in the Bath county court, he took the oath in the Fayette county court, a certificate of which he filed in the Bath county court, and from that time forth exercised the duties and received the emoluments of the office, until after the finding of the indictment; that the defendant was not and had not been, either at the time of his election, or of his qualification, or even at the time of the finding of the indictment, a practicing or licensed lawyer of two years standing. Whether, upon these facts, the defendant was guilty of the offense charged

in the indictment, was a matter referred by the jury to the court.

The court below was of opinion that an indictment was not the legally authorized form of proceeding for the punishment of this offense, and, upon that ground, dismissed the indictment.

The correctness of the opinion and judgment of the circuit court upon this point is the only question presented by this appeal taken by the Commonwealth.

By the act of 1846, (*sess. acts* 1845–6, *page* 7,) the usurpation of any office established by the constitution or laws was declared a penal offense, the punishment of which was a fine of not less than $500 nor more than $1,500, to be recovered by presentment or *indictment* of a grand jury.

The only substantial difference between this act, and the section of the Revised Statutes which we have quoted, is that the latter does not prescribe the mode of enforcing the penalty.

As we have seen, the offense of usurping an office is declared to be a *misdemeanor*, the only punishment of which is a fine; and the question is, by what form of procedure are such offenses to be prosecuted?

The 6*th section* of the Criminal Code provides that "all public offenses may be prosecuted *by indictment*, except, 1. Offenses of *public officers*, where a different mode of procedure is *prescribed* by law." Two other exceptions are specified in the section.

And, by *section* 8, "a public offense, of which the only punishment is a fine, may be prosecuted by a penal action in the name of the Commonwealth of Kentucky, or in the name of an individual or corporation, where the whole fine is given to such individual or corporation. The proceedings in penal actions are regulated by the Code of Practice in civil actions."

The effect of these two sections is to authorize two modes of procedure for the prosecution of a public offense—of which the only punishment is a fine—an indictment and a penal action, either one of which may be adopted according to the discretion of the party prosecuting. The 8*th section* does not

*prescribe* a penal action as the *only* mode of procedure in cases where the only punishment is a fine.

But the circuit judge was of opinion that *section* 532, of the Civil Code, prescribes a different mode of procedure for the punishment of the offense with which the defendant is charged, that the offense is within the first of the three exceptions enumerated in the *6th section* of the Criminal Code, and that therefore the proceeding by indictment is unauthorized. That section is as follows:

"Whenever a person usurps an office or franchise to which he is not entitled by law, an action by ordinary proceedings may be instituted against him, either by the Commonwealth or the party entitled to the office or franchise, *to prevent the usurper exercising the office or franchise.*"

Does this section prescribe a mode of procedure for the prosecution of the offense charged in the indictment in this case? We think it very clear that it does not. The whole object of the section was to prevent the usurper exercising the office or franchise. The civil action which the section authorizes to be brought, either by the Commonwealth or by the party injured by the usurpation, is strictly limited to this single object. Would it be contended that in the action here provided for, the fine to which the statute subjects the offender, or any part of it, could be recovered either by the Commonwealth or by the party claiming to be entitled to the office? Certainly not. Inasmuch, then, as the fine of not less than five nor more than fifteen hundred dollars is the punishment, and the only punishment, for the usurpation of an office, and the section under consideration makes no provision for the recovery of the fine, it results necessarily that it does not prescribe "a mode of procedure" for prosecuting or punishing the offense. It is perfectly clear that this provision of the Civil Code has nothing to do with the usurpation of an office, regarded as a public offense or misdemeanor, as defined by the statute, nor with the recovery of the penalty to which the offender may be subjected. The language of the provision so precisely and accurately defines its object, that nothing is left for construction or ar-

gument.   The sole  object is "to prevent the usurper exercis-
ing the office or franchise"—not to punish him for the  usurpa-
tion.    That can be done only by indictment or by penal action.

It is proper to add that according to *art. 6, sec. 2*, of the Con-
stitution of Kentucky, "no person shall be eligible to the office
of commonwealth's or county attorney, unless he shall have
been a licensed practicing attorney for two years."   Upon the
facts ascertained by the special verdict, the defendant must
undoubtedly be deemed guilty of having *usurped* the office in
question, within the meaning of the statute.   He assumed to
discharge the duties of the office when he was constitutional-
ly ineligible.   Thus claiming and holding the office, without
right, he was a usurper in the literal as well as  legal sense of
the term.

The judgment is therefore reversed, and the cause remanded
with directions to render a judgment for $500, according to the
verdict of the jury.