### IN THE

# SUPREME JUDICIAL COURT

## FOR THE COUNTY OF BERKSHIRE, SEPTEMBER
## TERM 1861.

━━━━━

PRESENT:

Hon. GEORGE T. BIGELOW, Chief Justice.
Hon. CHARLES A. DEWEY,  ⎫
Hon. THERON METCALF,    ⎬ Justices.
Hon. PLINY MERRICK,     ⎪
Hon. EBENEZER R. HOAR,  ⎭

───────────

WILLIAM POLLEY *vs.* LENOX IRON WORKS.

One who, knowing that property is under an attachment, suffers it to be sent away and sold by the owner, and receives the avails arising from the sale, in pursuance of a previous arrangement to that effect, is not thereby guilty of a conversion.

TORT for the conversion of 9000 feet of sheet glass lying unboxed in the glass factory of the National Plate Glass Company of Lenox, which was attached by the plaintiff as a deputy sheriff on a writ in favor of George C. Hubbell against that company, and not removed, but recorded in the town clerk's office under Rev. Sts. c. 90, §§ 33, 34.

At the trial in the superior court, before *Rockwell*, J., it appeared that the defendants subsequently sued out a writ against the company, on which Pease, another deputy sheriff, attached the same glass and put it under a keeper, and afterwards took a receipt for the same. And there was evidence tending to show that an arrangement was made between the

defendants and the company in pursuance of which this attachment was abandoned, and the defendants furnished aid to the company, and received the avails of the glass sold by its agent, William F. Richmond.

Hubbell afterwards recovered judgment in his suit, and execution issued, and, the plaintiff having resigned his office and removed from the Commonwealth, the officer demanded the property of the sheriff, and made diligent search for it, but could not find it.

The judge instructed the jury as stated in the opinion of the court. The jury found for the plaintiff, and the defendants alleged exceptions.

*H. W. Bishop & J. Tucker*, for the defendants.

*J. D. Colt & J. E. Field*, for the plaintiff.

METCALF, J. We have not found it necessary to decide whether the attachment of the glass by the plaintiff was valid under the Rev. Sts. c. 90, §§ 33, 34, so that he acquired a special property in it and a right to maintain an action for the conversion of it; because we are of opinion that if, on mature consideration, we should hold the attachment to be valid, yet that the jury were misinstructed as to their authority to find a conversion by the defendants. The instruction to the jury was, that they would be authorized to find a conversion, " if the defendants — knowing that the glass was under the attachment made by Polley, and knowing that it was sent away to market by the glass company, in pursuance of an arrangement made between the defendants and the glass company, by which arrangement the defendants were to have the avails of said glass when sold — suffered it so to be sent away, and received the avails arising from its sale."

It is necessary to the maintenance of this action that the evidence should be such as would prove a conversion in the action of trover. *Robinson* v. *Austin*, 2 Gray, 564. But, in that action, proof of all the facts, which, as the jury were instructed, would authorize them to find a conversion, would not be sufficient to warrant such a finding; for conversion, *ex vi termini*, imports a wrongful act, and is the assuming upon one's self the

property and right of disposing of another's goods, either by a wrongful taking of them, or by some other illegal assumption of ownership, or by illegally using or misusing them, or by wrongfully detaining them. *Baldwin* v. *Cole*, 6 Mod. 212, and Holt, 707. *McCombie* v. *Davies*, 6 East, 540. 1 Chit. Pl. (6th Amer. ed.) 176. 2 Saund. Pl. & Ev. (2d ed.) 1156.

Now although, upon these exceptions, it must be taken as true that the jury found all the facts mentioned in the instructions given to them, yet those facts do not show that the defendants did either of the abovementioned acts, one or the other of which is necessary to effect a conversion. If there was a conversion, it was by the glass company, or by Richmond, their agent, or by both, and not by the defendants, who were not agents of the glass company, but merely their creditors. A conversion of property, by detaining it from the owner, is by wrongfully withholding it from him by a party who has possession thereof, actual or constructive, and who ought, and has the power, to put it into the owner's possession or within his control.

In the present case, there was no taking of the glass by the defendants, and they never had possession of it. They, therefore, have not converted it by detaining it from the plaintiff. Nor would they have so converted it, even if they had forcibly prevented the plaintiff from obtaining possession of it. *Boobier* v. *Boobier*, 39 Maine, 409, 410. His remedy, in that case, must have been sought in some other form of declaration.

Not only was there no wrongful taking or detaining of the glass by the defendants, but there was no illegal assumption of the ownership of it, nor any illegal using or misusing of it by them, which constitutes a conversion. They merely " suffered " the glass company to sell it, on an agreement that the company should pay to them the proceeds of the sale, and afterwards received those proceeds. If the defendants had themselves sold the glass, the sale would have been a conversion of it by them, if the plaintiff's attachment was valid; but their suffering others, over whom they had no control, to convert it by a sale, was not a conversion by them. " To support an action of trover," says Heath, J., " there must be a positive tortious act." *Bromley* v.

*Coxwell,* 2 Bos. & Pul. 439. See also *Jones* v. *Fort,* 9 B. & C. 764; *Leonard* v. *Tidd,* 3 Met. 6. And this disposes of the case, and renders it unnecessary to determine whether the defendants' other exceptions were or were not well taken.

In the argument of the plaintiff's counsel, it was contended that the attachment by Pease, on a writ sued out by the defendants, and their subsequent receipt of the avails of the glass, amounted to a conversion of it by them. But we think the plaintiff cannot now take that position. For aught that these exceptions show, it is now taken for the first time.

*Exceptions sustained.*