MARGARET P. GURLEY *vs.* EDMUND ARMSTEAD.

Essex.    November 9, 1888.— January 3, 1889.

Present: MORTON, C. J., FIELD, DEVENS, C. ALLEN, & KNOWLTON, JJ.

*Common Carrier — Conversion — Apparent Ownership.*

A common carrier, who removes goods from the owner's place of deposit under the direction of a person in apparent control and able immediately to assume the actual custody of them, and delivers them to such person, is not liable to the owner for their conversion.

TORT for the conversion of certain articles of personal property belonging to the plaintiff. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, on an agreed statement of facts, which, so far as material, appears in the opinion.

*B. B. Jones*, for the plaintiff.

*W. H. Moody*, for the defendant.

DEVENS, J.    The defendant, who was a job teamster, removed the goods alleged to have been by him converted from a room in the dwelling-house of one Whittier to the store of one Davis, and there delivered them to Whittier, by whose direction he had acted. Although the goods were in the house of Whittier, they were in a room hired by the plaintiff from him. The contract between them was one for rent, and not for storage, Whittier reserving no control over the room. It was, however, neither locked nor fastened, although no goods were in it except those of the plaintiff. In all that he did the defendant acted in good faith, without any intention of depriving the rightful owner of

her property, and in ignorance of the fact that the plaintiff was such owner, neither asserting title in himself nor denying title to any other, nor exercising any act of ownership except by the removal above stated.

The legal possession of the goods was, under these circumstances, undoubtedly in the plaintiff, and as they were in the room hired by her, the actual possession was also hers. The apparent control of them was, however, in Whittier, as they were in his house, and he had further the present capacity to take actual physical possession, as the room in which they were was neither locked nor fastened.

It is conceded that whoever receives goods from one in actual, although illegal, possession thereof, and restores the goods to such person, is not liable for a conversion by reason of having transported them. *Strickland* v. *Barrett*, 20 Pick. 415. *Leonard* v. *Tidd*, 3 Met. 6. And this would be so apparently, even if the goods thus received were restored to the wrongful possessor, after notice of the claim of the true owner. *Loring* v. *Mulcahy*, 3 Allen, 575. *Metcalf* v. *McLaughlin*, 122 Mass. 84.

Upon the precise question raised, we have found no direct authority, nor was any cited in the argument; but the principle on which the decisions above cited rest is not unreasonably extended when it is applied to the circumstances of the case at bar. The act of removing goods by direction of the wrongful possessor of them is an act in derogation of the title of the rightful owner; but the party doing this honestly is protected because from such actual possession he is justified in believing the possessor to be the true owner. He does no more than such possessor might himself have done by virtue of his wrongful possession.

The defendant was a job teamster, and thus in a small way a common carrier of such wares and merchandise as could appropriately be transported in his team or wagon. He exercised an employment of such a character that he could not legally refuse to transport property such as he usually carried, which was tendered to him at a suitable time and place with the offer of a reasonable compensation. If he holds himself out as a common carrier, he must exercise his calling upon proper request and under proper circumstances. *Buckland* v. *Adams Express Co.* 97 Mass. 124. *Judson* v. *Western Railroad*, 6 Allen,

486.    His means of ascertaining the true title of the freight confided to him are of necessity limited.    He must judge of this as it is fairly made to appear.    If Whittier had actually gone into the room, as he might readily have done, and taken physical possession of the goods, the defendant upon well established authority would have been justified in obeying the order, and transporting the goods to Whittier at another place; and he should not be the less justified where Whittier, in apparent control of the goods in his own house, and capable of immediately taking them into his actual custody by entering the room through the unlocked door, has directed the removal.

If a person standing near and in sight of a bale of goods lying on the sidewalk belonging to another, and thus in the legal possession of such other, is able at once to possess himself of it actually, although illegally, and directs a carrier to remove it and deliver it to him at another place, compliance with this order in good faith cannot be treated as a conversion; and apparent control, accompanied with the then present capacity of investing himself with actual physical possession, must be equivalent to illegal possession in protecting a carrier who obeys the order of one having such control.

*Judgment for the defendant.*