## Hall v. Cumberland Pipe Line Company.

(Decided February 10, 1922.)

### Appeal from Estill Circuit Court.

1. Pleading—Defect of Parties.—A defect of parties to the action apparent upon a petition must be raised by a special demurrer; if the defect of parties does not appear from the petition, it must be presented by an answer. If the question is not raised in either way the defect is waived.

2. Carriers—Conversion—Rule of Liability.—At the common law, a common carrier could receive goods for transportation from any person, who was in possession of them and apparently with authority to cause them to be shipped, and if then, in accordance with the directions of the consignor the carrier delivered them to the consignee, in good faith and without notice or knowledge of the claim of a third party, the carrier was not liable as for a conversion, to the true owner, but, the rule of liability was changed by act of March 8, 1920, Session Acts, 1920, chapter 23, as relates to pipe line companies transporting oil as common carriers.

HAYS & HAYS for appellant.

J. H. GARDNER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HURT—Affirming in part and reversing in part.

The appellant, Thomas Hall, was the plaintiff below, and in his petition, to which he made Samuel Tipton, W. F. McIntosh, Wood Oil Company and Cumberland Pipe Line Company, defendants, averred that his grandfather, Sam D. Tipton, died, intestate, the owner of a tract of land, which descended by inheritance to his seven children, one of whom was the mother of the plaintiff, and who thereafter died intestate, leaving the plaintiff as her only heir at law, and he thereby became and was the owner of an undivided one-seventh part of the land, and that during the years 1915, 1916, 1917 and 1918, the defendants unlawfully and wrongfully, and without his knowledge or consent, went upon the land and bored wells therein and took from same, oil to the value of $7,000.00 and converted it to their own use, and of which he was the owner of an undivided one-seventh part of the value of one thousand dollars, and prayed a judgment against the defendants for the latter sum. Defendant Gaines filed an answer traversing the averments of the

petition. The Wood Oil Company, W. F. McIntosh and Sam Tipton do not appear to have answered, and no further proceedings in regard to them were prosecuted.

The Cumberland Pipe Line Company answered in six paragraphs. By the first it alleged that it was a corporation with power to sue and be sued, and was a common carrier of crude petroleum, and was equipped with the necessary pipe lines, pump stations, storage tanks, tools, machinery and other things to conduct and carry on its business as a common carrier.

In the second paragraph it averred a want of sufficient information to form a belief as to whether the plaintiff was an owner of any interest in the land, or that of any interest in the oil taken therefrom.

In the third paragraph it is substantially denied that it had entered upon the land, or taken any oil therefrom during the years alleged in the petition, or converted any of it to its use.

By the fourth, fifth and sixth paragraphs it averred that during the years 1915, 1916, 1917 and 1918, the defendants, Sam Tipton and Wood Oil Company, were in the adverse, open, notorious and exclusive possession of the land, and while in such possession they took oil to an amount not known to defendant, and delivered the oil to it as a common carrier with orders to re-deliver it, and that in accordance with such directions, it delivered the oil to the persons to whom it was consigned in good faith, and without any notice or knowledge that plaintiff had or made any claim to ownership of any interest in it.

It is further alleged that since it has been served with a summons in this action, it had continued to receive oil from the land which was delivered to it by its co-defendants, Tipton and Wood Oil Company, and that at the time of its answer it then had in its possession 128 barrels of oil from the land, upon which it had a lien for certain storage and transportation charges and taxes due the Federal government. It prayed that it be permitted to receive oil from parties in possession of the oil, and to transport it to the consignees, without liability on its part to any one, except the bailor or consignee, and if that could not be done, to put the land and wells in the hands of a receiver with directions to operate the same and transport the oil and for all proper relief. The answer was not made a counterclaim against the claims of the plaintiff, nor a cross petition against any one.

The plaintiff neither demurred nor replied to the answer, and without objection permitted the action to be submitted upon the motion to adjudge the affirmative allegations of the answer to be true. Upon submission upon the pleadings it was adjudged that the defendant, Cumberland Pipe Line Company, as a common carrier, had not only a right, but that it was its duty to accept for transportation such oil as was offered to it for that purpose, from any party in possession, and hence was within its rights in accepting all the oil from the land, mentioned in the petition and dismissed the plaintiff's petition. From this judgment the plaintiff has appealed.

(a) The appellee insists that the appellant could not maintain the action alone, since he only claims to be a joint owner of the land and oil, and that he should have joined the other owners as plaintiffs, and if unwilling to become plaintiffs, he should have made them defendants. It does not appear that any of the defendants were joint owners with the plaintiff of the land or oil, or in fact, who the other joint owners were. This question is not necessary to be decided upon this appeal, since if there was any defect of parties, and such defect appeared from the petition, if defendant objected to it, he should have demurred specially upon that account and if the defect did not appear from the petition, he should have presented it by answer, but having failed to either raise the issue by a special demurrer or by answer, under the express provisions of the Civil Code, the defect was waived. Civil Code, section 92, subsection 4, and Civil Code, section 118; McAllister v. Savings Bank, 80 Ky. 684; Rudd v. Deposit Bank, 105 Ky. 443; Stephens v. Stephens, — Ky. —.

The question as to the right of a joint owner of the land to take oil therefrom is not presented here, since there is no allegation that either one of the co-defendants of appellee is a joint owner of the land, or has any interest in it, nor is there any denial in the pleading of such a condition. The appellant, however, insists that he averred that he was an owner of an undivided interest of one-seventh in the land, and this allegation was not denied, and that he further alleged that the defendants, including appellee had unlawfully and wrongfully entered upon the land, bored wells therein and took away the oil therefrom, and converted it to their own use, and such action made them joint trespassers, and that such averments

were undenied. A common carrier can of course be a trespasser as any other one may be, and as such liable for whatever tortious injuries it inflicts.

While the appellee substantially, though awkwardly, denied its entrance upon the land at all, or that it converted any part of the oil to its use, it denied the legal conclusion, only, to be deduced from the facts pleaded by the appellant as to his ownership of an interest in the land, and hence it must be determined from the pleadings that he was the owner of an interest in the land as averred by him. It will be observed, however, that appellant does not seek any damages for the alleged trespass upon the land, or any relief on that account, but the relief he asks is on account of wrongful conversion of the oil, and the answer of appellee is directed to presenting a defense to the charge of conversion by it.

Hence from the undenied averments of the petition and answer, it is admitted by the parties that appellant is an owner of one-seventh of the land; that the Wood Oil Company and Sam Tipton were in the possession of the land and oil, and while apparently the owners of it, took therefrom oil in a considerable quantity and delivered it to the appellee, as a common carrier, for transportation to consignees, and appellee in good faith, and without notice of or knowledge of any claim thereto by the appellant, transported it and delivered it to the consignees in accordance with the directions of the parties, who were in possession of it and delivered it to the appellee for that purpose. This statement is made, of course, with reference to the oil delivered and transported by appellee before the service of the summons upon it, or before the filing of this action, as appellee avers that the filing of this action was the first notice to it of any interest claimed by appellant. Under such a state of facts, was this a conversion of appellee's interest in the oil? The transactions here complained of were previous to the enactment of the act of March 8, 1920, Session Acts, 1920, chapter 23, which requires all persons, firms, corporations and associations engaged in the business of transporting crude petroleum by pipe lines as common carriers, to receive such oil as is offered to them for that purpose by the parties in possession, and to re-deliver same upon the order of the consignor, unless prevented by an order of court, and for that reason such statute cannot be here invoked. The right of the parties must be determined by the law

prevailing at the time of the transactions. That the pipe line company was a common carrier of oil there can be little doubt, its averment to that effect is not denied, and it appears that it was equipped for that business, and was holding itself out as ready to transport for hire, oil for all persons, who might tender such commodity to it for transportation, and that it was exercising such calling as a public business. Varble v. Bigley, 14 Bush 698; Farley v. Lavary, 107 Ky. 523; Caye v. Pool's Assignee, 108 Ky. 124. At the common law, as a general rule a common carrier was required to receive for transportation and delivery, subject to reasonable limitations and conditions, in accordance with directions, all goods of the character, it was engaged in transporting, when the goods were tendered to it for that purpose by the owner, or one having authority to ship them. Bedford-Bowling Green Stone Company v. Oman, 115 Ky. 369; Potts v. Bowler, 1 Ky. Op. 133; Gurley v. Armstead, 148 Mass. 267; Southern Express Company v. Moon, 39 Miss. 822; Atlantic Coast Line R. Company v. Rice, Ann. Cas. 1912B 389. The carrier is held liable for all losses and injury to the goods received by it for re-delivery, except such as arise from an act of God, or the public enemy, or from an inherent defect in the goods. Southern Ry. Company v. Smith, 125 Ky. 658; Lewis v. L. & N. R. R. Co., 135 Ky. 361; C. & O. Ry. Co. v. Hall, 136 Ky. 379. In the absence of knowledge to the contrary, the consignee is presumed by the carrier to be the owner of the goods, and it must deliver them to him, unless its inability arises from one of the causes which will excuse it for loss of the goods. Otherwise it is liable as for a conversion of the goods. The title of the goods is not, however, conclusively presumed to be in the consignee, and the real owner of the goods can assert title to them, and the carrier will be justified in delivering them to him, though if the carrier delivers the goods to any one other than the consignee, if the transaction is such that the title appears to be vested in the consignee, it does so at its peril. The nature of the business of a common carrier, its duty to receive for transportation all goods tendered by any one in possession of them and apparently the owner, or authorized to control them, the strictness with which it is held to be an insurer of the safety and re-delivery of the goods and its inability to ascertain the true owner without such delays and investigation as would cripple its

service to the public, if not render it impossible to do business, and further its denial of the right to contest the title of the bailor, except in the instance of its delivery of the goods to the true owner, are doubtless the basis of the adoption of a principle applying to them, which provides that the carrier can assume that the party in possession, when it has no knowledge to the contrary, is the owner or authorized to consign the goods for shipment, and if it receives and delivers them in accordance with the directions, without any knowledge of other claim, it is not liable as for conversion to the true owner, although the goods may have been delivered to it by one other than the owner, and to a consignee not authorized to receive them by reason of the title being in another. Shelnut v. Central Ga. Ry. Co., 18 L. R. A. (N. S.) 494; Gurley v. Armstead, *supra*; Pratt v. Northern Pac. Exp. Co., 10 L. R. A. (N. S.) 499; 4 R. C. L. 842-843. Hence the pipe line company was not liable to appellant for the conversion of any interest he may have had in the oil, which was delivered to it and re-delivered by it to the consignee or consignees up to the time of the bringing of this suit.

The oil which it received after the institution of this suit, and after notice of the claim of appellant was received, was not in the condition of the pleadings, a subject which could have been dealt with in this action. The appellant only sued for a conversion of such oil as had been received up to the institution of the action, and to have been entitled to recover anything for a conversion of any part of the oil received by appellee after the institition of the action, he would necessarily have had to amend his petition and set up his claim, otherwise there is nothing upon which the court could base an opinion in his favor. The pleadings of the appellee did not justify the court in rendering any judgment in regard to the oil received after the bringing of the suit, as its answer was not a counterclaim, nor a cross petition against any one in regard to it and there was no waiver by the appellant of the requirement, that a counterclaim shall be so designated. The question of the rights of the parties in regard to such oil not being before us, we give no opinion in regard to it. Nor should the circuit court have rendered any judgment in reference to such oil, or in regard to the rights of the appellee concerning it.

Hence the judgment of the court, in reference to receipt of the oil, after the filing of plaintiff's petition is reversed, but, the judgment dismissing the petition and the relief sought by it, is affirmed.