**THOMS et al. v. D. C. ANDREWS & CO., Inc.**
**No. 31.**

Circuit Court of Appeals, Second Circuit.
Nov. 9, 1931.

George Thoms, of New York City (Francis Colety, of New York City, of counsel), for appellants.

Arthur Mayer, of New York City (Frank J. McEwen and Edward A. Alexander, both of New York City, of counsel), for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above).

■ Stripped of all nonessentials, this case discloses a purchaser of goods, who had paid for them and left them with the seller to be shipped to him by the seller, seeking to recover from one whom the seller employed to act as its agent in forwarding the goods by water and to whom the seller had shipped them by rail to seaboard for such purpose, and who then, without notice of the true ownership, complied with the directions of its principal, the seller, to return the goods, in legal effect, to its principal from whom they had been received.

Under the facts shown, the Troy Company was the undisclosed agent of De Haeseleer to ship the trailers to him in France. Furthermore, the defendant was the agent of the Troy Company which was acting within the actual scope of its authority as the agent of De Haeseleer when it shipped the trailers by rail consigned to the defendant at New York for the purpose of being shipped by water by the defendant to De Haeseleer in France. They were received by the defendant who then tried to forward the shipment to De Haeseleer until notified by De Haeseleer's agent, the Troy Company, to ship them to its order. Until such directions were given the defendant, concededly no wrong had been done to anybody by anybody. But the Troy Company, De Haeseleer's agent and this defendant's principal, did convert the goods to its own use and became able to do so by directing its agent, in effect, to return the goods to it instead of shipping them to De Haeseleer. Yet, far from having any notice that De Haeseleer actually owned the trailers, the defendant knew him only as the Troy Company's representative in France to whom the trailers were, at first, to be sent. The transaction appeared to be that of a manufacturer of trailers in this country shipping its product to its foreign representative to be disposed of by him. In this situation, the defendant had no choice but to follow the instructions of the supposed owner, its principal. In re Columbus Buggy Co. (C. C. A.) 143 F. 859, 861; Sedgwick v. Macy et al., 24 App. Div. 1, 49 N. Y. S. 154. Hav-

ing done so, it simply remains to be determined whether as a matter of law it could do so without liability to the person to whom its principal at first instructed it to ship and who was actually entitled to receive the shipment.

The Troy Company, as consignor, either as the actual owner as it appeared to be or the agent of the purchaser as it was, had the absolute right as between itself and its agent, the defendant, to direct any change in their destination. Howell v. Morlan, 78 Ill. 162. Indeed, the possession of the defendant as the agent of the Troy Company was to all intents and for all purposes still the possession of its principal, the Troy Company. The situation at New York when the defendant was notified to ship to the order of the Troy Company was just as it would have been had the Troy Company originally consigned the trailers to itself in New York for export to De Haeseleer instead of consigning them to its agent for such export. This defendant was not an independent carrier, but merely the forwarding agent of the Troy Company, and that sets this case apart from the many that have been so liberally cited to us which deal with the rights of consignors and consignees, and purchasers and sellers when goods are in the possession of an independent carrier for transport. We are not now concerned with the rights of De Haeseleer as against the Troy Company.

■ If the defendant be looked upon as a bailee, the cause of the plaintiffs is not advanced, for the decision is controlled by the law relating to the liability to the owner, if any, of a bailee who without notice of such ownership or demand from the owner returns goods to the person who has delivered them to him. Without such notice and demand, a bailee is not guilty of any conversion of chattels who but returns them to the bailor. Gurley v. Armstead, 148 Mass. 267, 19 N. E. 389, 2 L. R. A. 80, 12 Am. St. Rep. 555; Manny v. Wilson, 137 App. Div. 140, 122 N. Y. S. 16, affirmed 203 N. Y. 535, 96 N. E. 1121; Parker v. Lombard et al., 100 Mass. 405; Leonard v. Tidd, 3 Metc. (Mass.) 6; Hill v. Hayes, 38 Conn. 532. When this defendant had fully complied with the instructions it received from the Troy Company, it had done nothing but return the goods to the same custody in which De Haeseleer himself had left them, and restored to the Troy Company merely the same power over them which that company previously had been placed by the

owner in a position to exert; all without notice that any rights of De Haeseleer's were being, or would be, infringed.

As there was no dispute regarding the facts which determine the legal rights of these parties, a verdict for the defendant was properly directed. Small Co. v. Lamborn & Co., 267 U. S. 248, 45 S. Ct. 300, 69 L. Ed. 597; North Pennsylvania R. R. Co. v. Commercial Nat. Bank, 123 U. S. 727, 8 S. Ct. 266, 31 L. Ed. 287.

Judgment affirmed.