Kelley, Looney, McLean & Littleton, Edinburg, for appellant.

George W. Storter, Brownsville, for appellee.

**V. N. CROW, Appellant,**

v.

**Harmon DOBSON, Appellee.**

**No. 13256.**

Court of Civil Appeals of Texas.

San Antonio.

Dec. 11, 1957.

Rehearing Denied Jan. 8, 1958.

POPE, Justice.

Harmon Dobson, appellee, sued V. N. Crow, appellant, for damages for an alleged conversion of a Chris-craft boat at Port Isabel in Cameron County. Crow filed a plea of privilege to be sued in Hidalgo County, his residence, and the court overruled the plea. Crow appealed on one point. He asserts that the trial court merely required Dobson, the appellee, to prove that a substantial controversy existed, but that Dobson was under the burden to prove a conversion by the preponderance of the evidence. Dobson relied upon Section 9, Art. 1995, Vernon's Ann.Civ.Stats., to prove a trespass in Cameron County.

Appellant, Crow, is correct in his contention that the plaintiff in this kind of

**616**

venue hearing must prove, by the preponderance of the evidence, that the conversion occurred. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; Victoria Bank & Trust Co. v. Monteith, 138 Tex. 216, 158 S.W.2d 63; Castro Cooperative Gin Co. v. Harrison, Tex.Civ.App., 272 S.W.2d 538; 1 McDonald, Texas Civil Practice, Sec. 4.17.

■ Appellant, however, is in error in concluding that the trial judge failed to apply that rule to the evidence. At the conclusion of the evidence, the judge stated: "It rather appears to the Court that a controversy does exist, and the boat was picked up in his county at the direction of the defendant." Appellant promptly challenged the court's conclusion, and the court then called for briefs within one week. The court entered its order overruling the plea twenty-seven days later. From this casual remark by the court, we do not conclude that almost four weeks later, after he had considered the briefs, that he applied the wrong rule. Appellant, by carefully analyzing the evidence, also reasons that the

evidence fails to show anything more than a controversy and wholly fails to show that there was a conversion by a preponderance of the evidence. Both Dobson and Crow had become involved financially with a Mr. Ward. As a result of rather involved transactions, Ward gave Dobson a bill of sale to the boat, and in a separate transaction he pledged the boat to Crow. Crow picked up the boat and transported it from Port Isabel in Cameron County to a lake in Hidalgo County. Without detailing all of the evidence, some of it very favorable to the appellant, Crow, there was evidence upon which the court could find that there was a conversion. Dobson had a bill of sale, the boat was registered with the United States Coast Guard after notice of the transfer to Dobson, the registration number was on the boat but was painted off by Crow, and Dobson's name appeared on the boat papers kept in the cabin of the boat. Crow stated that he had seen those papers before he removed the boat. There was evidence which supports the order overruling the plea of privilege.

The judgment is affirmed.