Leland **FIKES** et al., Appellants,

v.

Hal **BOGLE**, Appellee.

No. 7320.

Court of Civil Appeals of Texas. Amarillo.

Jan. 20, 1964.

Rehearing Denied March 3, 1964.

Gene Lary, Dallas, Hollie G. McClain, Gilmer, New & Townes, Denver City, for appellants.

Don Hancock, Plains, Claude Freeman, Denver City, for appellee.

NORTHCUTT, Justice.

This is an appeal from an order overruling pleas of privilege. The suit is for damages for conversion of a drilling rig, brought by one mortgagee, claiming to have a prior lien on the rig, against another mortgagee and two of its officers. Other defendants were a trucking company and its general manager.

Hal Bogle, plaintiff, filed suit in the District Court of Yoakum County against Leland Fikes and J. D. Lee, president and vice-president, respectively, of Texas Continental Investment Company, Inc., a Texas corporation, against Texas Continental Investment Company, Inc., and Jay Trucking Company, Inc., a Texas corporation, and Tom Lesh, its vice-president and general manager.

The home office of Texas Continental Investment Company, Inc. is in Dallas, Texas. It filed a plea of privilege to move the case to Dallas County. Fikes and Lee filed pleas of privilege to move the case to Dallas County where they resided. The office of the trucking company is Denver City, Yoakum County, where its vice-president, Lesh, resides.

Bogle filed controverting pleas in which he relied on Subdivisions 4, 9, and 23 of Article 1995, Revised Civil Statutes of Texas, to sustain venue in Yoakum County. After hearing before the court, the pleas of privilege of Fikes, Lee, and Texas Continental Investment Company, Inc. were overruled. From that order Fikes, Lee, and Texas Continental Investment Company, Inc. perfected this appeal and will hereafter be referred to as appellants, and Bogle will be referred to as appellee.

Appellee alleged in his amended original petition that on January 23, 1960, E. P. Campbell, since deceased, executed and delivered to appellee a promissory note in the sum of $75,000, due and payable one year from date, which was secured by chattel mortgage on a drilling rig at the time owned by E. P. Campbell; that the chattel mortgage was recorded in the Bill of Sale Records, Book 16, Page 277, and Chattel Mortgage Records bearing file No. 7759, in Lea County, New Mexico, on the seventeenth day of March 1960.

Appellee further alleged that after Campbell had given the above mentioned chattel mortgage to appellee that on or about August 1, 1960, he gave to the appellant, Texas Continental Investment Company, a mortgage covering the same drilling rig which included all of the necessary equipment thereto.

Appellee further pleaded that appellants, their servants, agent or employees seized possession of such drilling rig and equipment appurtenant thereto in Lea County, New Mexico, on August 5, 1960, or alternatively in Yoakum County, Texas, on or about October 5, 1960, or further alternatively in Eddy County, New Mexico, on or about May 9, 1961, at which time said property was loaded upon trucks belonging to Jay Trucking Company, Inc., under direction and control of Tom Lesh, acting upon orders of J. D. Lee and Texas Continental Investment Company, and transported the equipment to the yards of Leland Fikes in Denver City in Yoakum County, Texas, where said equipment was stored with the permission of the said Leland Fikes for approximately two months; that at a later date Tom Lesh and Jay Trucking Company, Inc., acting upon the instructions of the appellants, J. D. Lee and Texas Continental Investment Company, Inc., loaded the equipment on trucks of Jay Trucking Company, Inc. and hauled it from the yard of appellant, Leland Fikes, to East Texas where it was scattered beyond the reach of appellee.

By appellants' first two points of error it is contended that Jay Trucking Company, a corporation, was a common carrier having a "Certificate of Convenience and Necessity" from the Railroad Commission of Texas and was therefore not liable for conversion, and that Tom Lesh acting as general manager for Jay Trucking Com-

**394**

pany was not liable for conversion. Section 4 of Article 1995 provides: "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides." It is admitted Jay Trucking Company, a corporation, had its office in Denver City, Yoakum County, and its vice-president, Lesh, resided in Yoakum County.

It is stated in the case of Fester v. Locke, 285 S.W.2d 239 at 241 as follows:

"The rule is succinctly stated in the case of Kasishke v. Ekern, Tex.Civ. App., Amarillo, 1954, 278 S.W.2d 274, at pages 276 and 277, viz.: 'In construing the provisions of Exception 4 of Article 1995, it is well established that to maintain suit against a nonresident defendant, plaintiff must allege a joint cause of action against the resident and the nonresident defendants, and must introduce competent evidence sufficient to prove a cause of action against the resident defendant, under the allegations relied upon. Tunstill v. Scott, Tex.Civ.App., 120 S.W.2d 274; Dearing v. Morgan, Tex.Civ.App., 120 S.W. 2d 555; Eppenauer v. Schrup, Tex. Civ.App., 121 S.W.2d 473; Lanham v. Lanham, Tex.Civ.App., 175 S.W.2d 286.' "

We must consider if there was competent evidence sufficient to prove a cause of action against Jay Trucking Company or Lesh under the allegations relied upon in order to hold the case in Yoakum County under Section 4 of Article 1995. If there was no cause of action against Jay Trucking Company or Lesh, venue would not be in Yoakum County under this section. Under this record the only theory whereby Jay Trucking Company or Lesh could be held as necessary parties to the suit would be they were guilty of conversion and they have never claimed any interest in the property and no demand or request has ever been made of them by appellee for possession of the property. Since

Jay Trucking Company was a common carrier under a "Certificate of Convenience and Necessity" from the Railroad Commission of Texas, it was not liable as for conversion to the appellee although the property here in question was delivered to it by the Texas Continental Investment Company, Inc. or the other defendants to be hauled as directed. The same is also true as to Lesh acting for Jay Trucking Company. We have not been cited to a Texas case on this exact point and neither have we found one. It is stated in the case of Hall v. Cumberland Pipe Line Co., 193 Ky. 728, 237 S.W. 405 at 408 as follows:

"The nature of the business of a common carrier, its duty to receive for transportation all goods tendered by any one in possession of them and apparently the owner, or authorized to control them, the strictness with which it is held to be an insurer of the safety and redelivery of the goods, and its inability to ascertain the true owner without such delays and investigation as would cripple its service to the public, if not render it impossible to do business, and, further, its denial of the right to contest the title of the bailor, except in the instance of its delivery of the goods to the true owner, are doubtless the basis of the adoption of a principle applying to them, which provides that the carrier can assume that the party in possession, when it has no knowledge to the contrary, is the owner or authorized to consign the goods for shipment, and if it receives and delivers them in accordance with the directions, without any knowledge of other claim, it is not liable as for conversion to the true owner, although the goods may have been delivered to it by one other than the owner, and to a consignee not authorized to receive them by reason of the title being in another. Shellnut v. Central Ga. Ry. Co., 131 Ga. 404, 62 S.E. 294, 18 L.R.A.(N.S.) 494; Gurley v. Armstead, supra [148 Mass. 267, 19 N.E. 389]; Pratt v.

Northern Pac. Exp. Co., 13 Idaho 373, 90 Pac. 341, 10 L.R.A.(N.S.) 499, 121 Am.St.Rep. 268; 4 R.C.L. 842–843. Hence the Pipe Line Company was not liable to appellant for the conversion of any interest he may have had in the oil, which was delivered to it and redelivered by it to the consignee or consignees up to the time of the bringing of this suit."

See also Shellnut v. Central of Georgia Ry. Co., 131 Ga. 404, 62 S.E. 294, 18 L.R.A. 494 (N.S. 1909) and the cases there cited. We are of the opinion, and so hold, that venue could not be held in Yoakum County under Section 4 of Article 1995 since there was no joint cause of action as against the resident defendants.

■ It is the contention of Texas Continental Investment Company it had the right to possession of the property by virtue of its mortgage and the property having been delivered to it by the owner (E. P. Campbell) and without notice of appellee's mortgage and was not guilty of conversion. Appellee's mortgage was executed and acknowledge by E. P. Campbell in Lubbock County, Texas. The mortgage recited the property here involved was located in ─── County, Texas. Appellee did not file his mortgage in Lubbock County, Texas, where the mortgagor lived or in any other county in Texas but filed the same in Lea County, New Mexico, where appellee lived. Appellee contends the appellants were guilty of conversion by seizing possession of the property in Lea County, New Mexico, on October 5, 1960, or alternatively in Yoakum County, Texas on October 5, 1960, or further alternatively in Eddy County, New Mexico, on May 9, 1961. Before appellee was entitled to hold venue in Yoakum County under Section 9 of Article 1995, he had to show that a conversion occurred. Crow v. Dobson, Tex.Civ.App., 308 S.W.2d 615. He must also show the conversion occurred in Yoakum County. Castro

Cooperative Gin Company v. Harrison, Tex. Civ.App., 272 S.W.2d 538 and cases there cited.

If appellants seized possession of the property in Lea County, New Mexico, or in Eddy County, New Mexico, as pleaded by appellee, a conversion did not happen in Yoakum County. Then the only place we are to consider as to appellants' conversion is in Yoakum County on October 5, 1960.

■■ Appellants held a chattel mortgage upon the property in question, and had no notice of appellee's mortgage at the time the mortgage was given. E. P. Campbell, the owner of the property here in question, delivered the property to the appellants and also gave them a mortgage upon the property. It is stated in the case of Cantrell v. Broadnax, Tex.Civ.App., 306 S.W.2d 429 at 433 as follows:

> " 'It is a well-settled rule that one who is rightfully in possession of property, though the legal title thereto may be in another, is not guilty of conversion. Conversion is the unlawful and wrongful exercise of dominion, ownership, or control by one person over the property of another, to the exclusion of the exercise of the same rights by the owner.' Zerr v. Howell, Tex. Civ.App., 88 S.W.2d 116, 118. The point is without merit."

The same is shown to be true in the case of Sunray Enterprises, Inc. v. Rosenauf, Tex.Civ.App., 335 S.W.2d 670 (N.R.E.).

Since appellants were rightfully in possession of the property they were not guilty of any wrongful or unlawful exercise of dominion over the property and were not guilty of conversion. Under this record, we are of the opinion, and so hold, that appellee has not brought his case within either exception of Subdivision 4, 9, or 23 of Article 1995. Judgment of the trial court is reversed and the case ordered transferred to Dallas County.